Rel: May 2, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0928

_____

## C.K.

## v.

## F.O.

## Appeal from Jefferson Juvenile Court, Bessemer Division
## (JU-24-503.01)

MOORE, Presiding Judge.

C.K. ("the mother") appeals from a judgment entered by the Bessemer Division of the Jefferson Juvenile Court ("the juvenile court") adjudicating K.O. ("the child"), who was born on February 12, 2015, dependent. We dismiss the appeal.

On September 16, 2024, F.O. ("the father") filed a verified dependency petition in the juvenile court. In the petition, the father alleged that the child was dependent because, he said, the mother had physically abused the child, and he requested legal custody of the child. In an attachment to the petition, the father further alleged that the mother had abandoned the child and that the child had resided with him since January 2023. In the same attachment, the father alleged that he had not been adjudicated the father of the child and that there was no other pending custody proceeding regarding the child.

On October 1, 2024, the juvenile court entered orders appointing a guardian ad litem to represent the interests of the child and appointing separate counsel to represent the mother and the father. On November 4, 2024, a hearing was conducted; no testimony or other evidence was admitted at that hearing. On that same date, the juvenile court entered a judgment finding the child dependent based on the mother's abandonment of the child; it awarded pendente lite custody of the child

to the father and awarded supervised visitation to the mother. On November 18, 2024, the mother filed a notice of appeal to this court.[1]

The mother argues on appeal, among other things, that the juvenile court lacked subject-matter jurisdiction over the father's petition because, she says, pursuant to Ala. Code 1975, § 12-15-114(a), "[a] dependency action shall not include a custody dispute between parents." The mother's brief, p. 20. We agree. In Ex parte T.M., 358 So. 3d 1155, 1161 (Ala. Civ. App. 2022), this court held that a juvenile court lacks dependency jurisdiction over a custody dispute between the parents of a child even if the petitioning parent has alleged facts that would otherwise establish the dependency of the child as to the other parent.

In the present context, "[p]arent" is defined as "[t]he legal mother or the legal father of a child under the jurisdiction of the juvenile court pursuant to [Ala. Code 1975, Title 12, Chapter 15]." Ala. Code 1975, §

---

[1]Although the November 4, 2024, judgment awarded the father pendente lite custody, the judgment was a final, appealable judgment subject to appeal because it included a finding of dependency. See C.B.S. v. Walker Cnty. Dep't of Hum. Res., 331 So. 3d 607 (Ala. Civ. App. 2020) (concluding that, even though juvenile court characterized the custody award as pendente lite, judgment was final and appealable because it contained a formal determination of dependency coupled with an award of custody incident to that determination).

12-15-102(19). In his dependency petition, the father alleged that the child was his natural child and that he had received the child into his home. Section 26-17-204(a)(5), Ala. Code 1975, provides that a man is the presumed father of a child if, "while the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child."[2] Thus, the father alleged that he was the presumed father of the child. The "presumed father" of a child is the "legal father" of the child. See Ala. Code 1975, § 26-17-102(17) ("'Presumed father' means a man who, by operation of law under [Ala. Code 1975, §] 26-17-204, is recognized as the father of a child until that status is rebutted or confirmed in a judicial proceeding."). Although the father also alleged that he had not been adjudicated as the legal father of the child, that allegation did not negate his allegation that he was the legal father of the child under § 26-17-204(a)(5), because a father-child

_____

[2]Alabama law applies when an Alabama court determines the paternity of a child, even if the child is born in a different state. Ala. Code 1975, § 26-17-103(b)(1). The child was born in Tennessee in 2015. Tennessee has a similar law pursuant to which a man becomes the presumed father of a minor child by openly acknowledging his natural paternity of the child and taking the child into his home. Tenn. Code Ann., § 36-2-304(a)(4).

4

relationship may be legally established by statutory presumption without an adjudication of paternity. See Ala. Code 1975, § 26-17-201(b).

In his petition, the father alleged that he was the legal father of the child, and he sought a judgment declaring the child to be dependent as to the mother and awarding him custody of the child. No other persons were named in the petition or joined as parties to the case.[3] The dependency petition alleged a custody dispute between parents, which, according to the plain language of § 12-15-114(a) and Ex parte T.M., did not invoke the dependency jurisdiction of the juvenile court. See also G.W.K. v. B.W.M., 387 So. 3d 1126, 1132 (Ala. Civ. App. 2023) (holding that the allegations of the petition determine the jurisdiction of the court).

We recognize that a juvenile court may adjudicate the paternity of a child in a parentage action, see Ala. Code 1975, § 12-15-115(a)(6) (providing that a juvenile court shall exercise original jurisdiction of proceedings to establish parentage of a child), and award custody of a child to his or her father upon establishing paternity. See Ala. Code 1975, § 26-17-636(g). However, the father did not request an adjudication of

_____

[3]The Alabama Department of Human Resources conducted a home study of the father, but it was not joined as a party to the case.

paternity in his petition, and the juvenile court did not adjudicate the paternity of the child. The juvenile court purported to enter a judgment finding that the child was dependent and awarding custody of the child to the father on that basis alone. The juvenile court relied solely on its dependency jurisdiction, and not on its parentage jurisdiction, when entering the judgment.

Because the father's petition did not invoke the juvenile court's dependency jurisdiction, the juvenile-court proceedings, including the November 4, 2024, judgment, are void. See G.W.K., 387 So. 3d at 1135. "A void judgment will not support an appeal." Id. Accordingly, we dismiss the mother's appeal as arising from a void judgment, albeit with instructions to the juvenile court to vacate the void judgment.

APPEAL DISMISSED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.